UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

John Doe,

    Plaintiff,

v.

Northern Michigan University, Janet Koski, Donna Beauchaine, in their individual and official capacities, and Christine Greer, in her official capacity only, jointly and severally,

    Defendants.

                                                          /

Case No. 18-cv-00196-GJQ-TPG

Hon. Gordon J. Quist

NACHTLAW, P.C.
David a. Nacht (P47034)
Adam M. Taub (P78334)
Attorneys for Plaintiff
101 N. Main Street, Suite 555
Ann Arbor, MI 48104
(734) 663-7550

MILLER, CANFIELD, PADDOCK
   and STONE, P.L.C.
Kurt P. McCamman (P51477)
Sarah J. Hartman (P71458)
Attorneys for Defendants Northern Michigan
   University, Janet Koski, Donna Beauchaine
   and Christine Greer
277 South Rose Street, Suite 5000
Kalamazoo, Michigan 49007
(269) 381-7030

                                                          /

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

***ORAL ARGUMENT REQUESTED***

    The legal and factual allegations made in a complaint must "raise a right to relief above the speculative level" in order to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The allegations must show "entitlement to relief" pursuant to a viable legal theory. *Id.* Here, Plaintiff fails at this most basic task.

**I.    THE INDIVIDUAL DEFENDANTS ARE EACH ENTITLED TO QUALIFIED IMMUNITY.**

    The individual defendants are each entitled to qualified immunity as to the claims made against them in their individual capacities. Plaintiff has not sufficiently alleged that any of the individual defendants violated law which was clearly established *at the time* of the conduct

alleged. The case heavily relied upon by Plaintiff for his claim that his right to procedural due process was violated is *Doe v. Baum,* 903 F. 3d 575 (6th Cir. 2018). Plaintiff relies upon this case for his contention that he had a right to cross-examine the complainant. (*Pl. Br.,* at pg. 15, Doc. #10, PageID.211). However, that decision was not decided until *after* the events alleged in this case took place. The allegations made against these individual defendants occurred in March through May 2018. The *Baum* decision was not issued by the Court of appeals until September 7, 2018. *Baum, supra.* Even if this Court were to decide that under *Baum* Plaintiff had the right to cross-examine the complainant as he alleges[1], the individual defendants did not violate law that was clearly established *at the time the conduct occurred* by not holding a live hearing and permitting cross-examination of the complaining witness. *Simmonds v. Genesee Cnty.,* 682 F.3d 438, 443 (6th Cir. 2012). Governmental employees, like the individual defendants here, should not be held liable for reasonable mistakes of law, fact, or mixed questions of law and fact, while they are acting within the scope of the authority granted them by their employment. *Id.* For such reasonable mistakes in the course of their employment, individuals are qualifiedly immune. *Id.*

Here, the individual defendants were each acting within the scope of their employment, including Defendant Beauchaine, in conducting the investigation into the allegations against Plaintiff. Plaintiff in this circumstance was not entitled to a live hearing and opportunity to cross-examine the complaining witness. Plaintiff cites to no law (or policy) that required he have an attorney present when criminal charges were not pending, and especially cites to no law requiring that he be advised that he could have an attorney present. This is because that is not the law in this Circuit – let alone *clearly established* law. Further, there is no requirement that in the

---

[1] Defendants deny that their conduct violates the standard even as set forth under *Baum,* in that credibility was not a decisive factor in the decision made here. In this case, Plaintiff *admitted* to the accusations for which he was found responsible and which ultimately led to his expulsion.

2

context of a student disciplinary proceeding that an admission be "knowing and voluntary." *See e.g. U.S. v. Broce*, 488 U.s. 563, 109 S. Ct. 757, 102 L.Ed.2d 927 (1989). That is a standard that applies in a criminal context, which is not the case here. Plaintiff cites to no case-law which supports the requirement of a "knowing and voluntary" admission standard in the context of a student disciplinary proceeding. The Sixth Circuit has made it clear that "[e]ducation is a university's first priority; adjudication of student disputes is, at best, a distant second." *Doe v. Univ. of Cincinnati,* 872 F.3d 393, 400 (6th Cir. 2017). For these reasons, and as set forth in Defendants' Brief in Support of their Motion, the individual defendants are each entitled to governmental immunity.

## II. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR BREACH OF CONTRACT OR BREACH OF IMPLIED CONTRACT.

Plaintiff largely relies on non-precedential case-law to string together his claim for breach of contract. Plaintiff asks this Court to apply 1st Circuit case-law to a proposed extension of Michigan state contract law. Plaintiff's reliance on *Tapp v. Western Michigan University* is misplaced. In that case, plaintiff's claim for tortious interference with a contract relationship was dismissed, and that dismissal upheld. The Michigan Court of Appeals even stated that "courts have rejected a rigid application of contract law in the area of student-university relationships." *Tapp v. Western Michigan University,* 1999 WL 33326770 (Mich. App. 1999) (citations omitted). Further, a trial court may only review a university's action to determine if they were so arbitrary and capriciously made as to warrant the court's interference. *Carlton v. Trustees of University of Detroit Mercy,* 2002 WL 533885 (Mich. App. 2002).

Here, as in *Carlton* and *Faparusi,* the unpublished decisions cited by Plaintiff, "the process afforded to [plaintiff] as a whole was largely consistent with that outlined in the handbook." *Faparusi v. Case Western Reserve Univ.,* 711 Fed. Appx. 269 (6th Cir. 2017).

3

Plaintiff's allegations contained in the complaint do not give rise to a decisions that was arbitrary and capricious, but one that was done in accordance with the policies and procedures outlined in the student handbook. *Carlton,* supra. Plaintiff has failed to state a viable claim under any contract-law theory, and those claims should be dismissed.

### III. PLAINTIFF'S NEGLIGENCE, NEGLIGENCE PER SE, AND GROSS NEGLIGENCE CLAIMS ARE EACH BARRED BY MICHIGAN'S GOVERNMENTAL TORT LIABILITY ACT.

Plaintiff acknowledges the applicability of Michigan law to his negligence, negligence per se, and gross negligence claims (*Pl. Br. at pg. 24,* Doc. #10, PageID.220), but fails to acknowledge the applicability of the GTLA. Instead of providing this Court with precedential case-law from the state of Michigan applying the GTLA to his negligence and gross-negligence claims, the Plaintiff cites only to out of state cases, which are wholly inapplicable to the case at hand. For the reasons set forth in Defendant's Brief in Support of their Motion, Plaintiff's negligence claims are barred by the GTLA, and the Defendants are each entitled to dismissal.

### IV. CONCLUSION

WHEREFORE, for the reasons stated in this Reply and in Defendants' Brief in Support of their Motion to Dismiss, Defendants respectfully request that this Court dismiss Plaintiff's Complaint in its entirety, and grant them such other relief as may be just and equitable under the circumstances.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: */s/ Sarah J. Hartman*
  Kurt P. McCamman (P51477)
  Sarah J. Hartman (P71458)
  Attorneys for Defendants
  277 South Rose Street, Suite 5000
  Kalamazoo, MI 49007
  (269) 381-7030
  mccamman@millercanfield.com
  hartmans@millercanfield.com

Dated: February 18, 2019

## CERTIFICATE OF COMPLIANCE

Pursuant to W.D. L. Civ. R. 7.2(b)(i)-(ii), I hereby certify that this brief, according to the word count of the computer program used to prepare this brief (Microsoft Word), contains 1,102 words (including footnotes).

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: */s/ Sarah J. Hartman*
  Kurt P. McCamman (P51477)
  Sarah J. Hartman (P71458)
  Attorneys for Defendants
  277 South Rose Street, Suite 5000
  Kalamazoo, MI 49007
  (269) 381-7030
  mccamman@millercanfield.com
  hartmans@millercanfield.com

Dated: February 18, 2019